UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSE SALDANA, parent of<br>JOSE ANGEL SALDANA IV, deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>TOWN OF MEDICINE PARK,<br>THE MEDICINE PARK POLICE DEPT.,<br>and ROBERT WITTEN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. CIV-25-690-R<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 3] seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to the motion within the time limits prescribed by the Court's Local Rules and the motion is therefore ripe for disposition. *See* LCvR7.1(g).[1]

This action originated in state court and was removed by Defendants on the basis of federal question jurisdiction. Plaintiff's state court Petition asserts that the case involves "improper disclosure of police evidence, including video of Angel Saldana IV committing suicide," and alleges the following:

---

[1] Local Civil Rule 7.1(g) permits the Court to deem unopposed motions confessed. However, the Tenth Circuit has instructed that "even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003). Accordingly, the Court considers the merits of Defendants' motion.

> 6. It is Jose Saldana's intent to confidentially and timely claim just compensation to make his family whole and avoid further damage to the family from public or prolonged litigation.
>
> 7. At that time Jose Saldana will request assistance from the public in obtaining evidence and information necessary to these ends and warn of danger concerning the behavior of the Town of Medicine Park, Robert Witten, and their inability to protect their residents from police misconduct.
>
> 8. Jose Saldana demands official investigation and appropriate action on the misconduct set forth with specificity in the Statement of Jose Saldana.

Pet. [Doc. No. 1-2] ¶¶ 5-8. Plaintiff seeks monetary damages "for violations of his civil rights" and injunctive relief in the form of ordering the Medicine Park Police Department to destroy "the video of his son" and provide "training to educate officers about sensitivity and evidence-handling procedures." *Id.* ¶¶ 9-10.

Defendants move for dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. As explained below, Defendants' arguments are well-taken.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations must, at a minimum, provide "the defendant sufficient notice

to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.,* 492 F.3d 1158, 1163 (10th Cir. 2007). In evaluating a complaint, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Plaintiff's Petition does not meet these requirements. The case appears to arise from the Medicine Park Police Department's alleged mishandling of an investigation and/or evidence related to the death of Mr. Saldana's son. The Petition does not, however, include sufficient information to provide the defendants with fair notice of the claims and the grounds upon which they rest.

Moreover, to the extent that Plaintiff is attempting to assert a civil rights claim pursuant to 42 U.S.C. § 1983 against Defendants, he has failed to include sufficient factual content to state a plausible claim against a municipal entity and or to plausibly show the personal involvement of Mr. Whitten. *See Hinton v. City of Elwood, Kan.,* 997 F. 2d 774, 782 (10th Cir. 1993) ("Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."); *Bruner v. Baker*, 506 F.3d 1021, 1026 (10th Cir. 2007) ("Section 1983 claims against public officials must demonstrate some form of personal involvement on the part of the individual defendants."). Plaintiff has also failed to allege compliance with the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 et seq., or include factual content sufficient to make out a plausible claim under state law for negligence or any other cause of action. *See Tuffy's Inc. v. City of Okla. City*, 212

P.3d 1158, 1163 (Okla. 2009) ("The GTCA is the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort."). Further, the Medicine Park Police Department, as a subordinate department of the City of Medicine Park, lacks the capacity to be sued and is not a proper defendant. *See Currie v. Oklahoma City Police Dep't*, No. CIV-08-194-HE, 2008 WL 1946787, at *4 (W.D. Okla. Apr. 30, 2008); *Benavides v. City of Oklahoma City*, No. CIV-11-126-C, 2011 WL 1457331, at *1 (W.D. Okla. Apr. 14, 2011).

Accordingly, Defendants' Motion to Dismiss is GRANTED and this action is dismissed without prejudice.

IT IS SO ORDERED this 1st day of August, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE